STATE OF CONNECTICUT *v.* HERBERT CLARK
(AC 17518)

O'Connell, C. J., and Foti and Daly, Js.

Argued September 20—officially released December 14, 1999

*Vicki H. Hutchinson*, special public defender, for the appellant (defendant).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *Carl E. Taylor*, supervisory state's attorney, and *Louis Luba, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Herbert Clark, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b),[1] possession of narcotics with intent

---

[1] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned

to sell within 1500 feet of a public housing project and an elementary school in violation of General Statutes § 21a-278a (b), and possession of narcotics in violation of General Statutes § 21a-279 (a).[2] On appeal, the defendant claims that (1) the evidence presented by the state was insufficient to sustain his conviction and (2) the trial court improperly admitted certain evidence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On May 2, 1996, the police received information from a security guard for the North Central Apartments in New Britain that the defendant was loitering around the buildings, along with other individuals, one of whom was known to be a drug dealer, and was approaching people in cars. The block is in a high crime and high drug trafficking area.

At approximately 10 p.m., two officers from the New Britain police department proceeded to the area in question as a result of that call, and observed the defendant riding his bicycle. As the defendant rode his bicycle to the back of the apartment, one of the officers observed him pause momentarily and drop something from his right hand. The defendant then rode off. He was stopped and detained. At that time, there was no one else in the area. A search revealed that the object dropped was a

not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

[2] The defendant was sentenced to a total effective sentence of ten years; seven years on the first count and a consecutive three years on the second count. The trial court did not sentence the defendant on his conviction for the third count, possession of a narcotic substance, as that count is a lesser offense included in the charge of possession of narcotics with intent to sell. See *State* v. *Chicano*, 216 Conn. 699, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

cellophane wrapper containing seven pieces of crack cocaine and three small bags of heroin. The defendant was arrested, and $205 in mostly $10 and $20 bills, were found on his person. These events took place within 1500 feet of Smalley Elementary School and a public housing project for the elderly, overseen by the New Britain housing authority.

I

The defendant claims that the state failed to present sufficient evidence to prove him guilty beyond a reasonable doubt. Specifically, he claims that there was no direct evidence that the drugs found by the officer were his so as to establish possession, and, even if the evidence was sufficient to establish possession, it was not sufficient to establish intent to sell.[3] We do not agree.

"The two part test for evaluating the sufficiency of the evidence in a jury trial is well established. First, the reviewing court construes the evidence presented at trial in a light most favorable to sustaining the verdict. . . . The reviewing court then determines whether the jury could have reasonably found, on the basis of the facts established and the inferences reasonably drawn from them, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. . . . In conducting this review, the probative force of the evidence is not diminished where the evidence, in whole or in part, is circumstantial rather than direct." (Citations omitted.) *State* v. *Wager*, 32 Conn. App. 417, 429–30, 629 A.2d 1146, cert. denied, 228 Conn. 912, 635 A.2d 1231 (1993).

---

[3] In concluding that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt on the first count, we find it unnecessary to address the second and third counts. The defendant does not challenge that the activity alleged occurred within 1500 feet of an elementary school and a public housing project. The state, having proven possession as to the first count, has satisfied its burden of proof as to that element in the third count as well.

A

To prove possession of a narcotic substance, the state must prove beyond a reasonable doubt that the defendant knew of the character of the drug and its presence and exercised dominion and control over it. *State* v. *Lee*, 53 Conn. App. 690, 694, 734 A.2d 136 (1999). Our resolution of the defendant's claim involves an assessment of credibility. The question of the credibility of witnesses is for the trier of fact to determine. *State* v. *Madera*, 210 Conn. 22, 37, 554 A.2d 263 (1989). Questions of credibility are primarily within the province of the jury as trier of fact. *State* v. *Alfonso*, 195 Conn. 624, 630, 490 A.2d 75 (1985). The jury was free to accept the officer's testimony that he saw the defendant drop the object, that there was no one else in the area at that time, and that the officer immediately searched and retrieved the item dropped, which contained the drugs. We conclude that the jury could reasonably and logically have found from the evidence elicited at trial that the defendant possessed the drugs. "It is within the province of the jury to draw reasonable and logical inferences from the facts proven." (Internal quotation marks omitted.) *State* v. *Ogrinc*, 29 Conn. App. 694, 697, 617 A.2d 924 (1992).

B

Sufficient evidence of the defendant's intent to sell was offered to support his conviction. Proof of intent may be established through circumstantial evidence, from which the jury is free to draw reasonable and logical inferences. *State* v. *Frazier*, 39 Conn. App. 369, 379, 665 A.2d 142 (1995). The quantity of narcotics possessed by the defendant is probative of whether he intended to sell the drugs. *State* v. *Glenn*, 30 Conn. App. 783, 793, 622 A.2d 1024 (1993). The amount of crack cocaine and heroin, and the manner in which the drugs were wrapped or packaged may be indicative of street level drug dealing. Also, the cash found on the defendant

and the $10 and $20 denominations of the bills, as well as the defendant's activities that night, could lead a jury reasonably to conclude that the defendant possessed the drugs with the intent to sell. There was sufficient circumstantial evidence to support such an inference by the jury.

Additionally, the jury heard expert testimony that possession of the amount of drugs and the manner of packaging was more consistent with an intent to sell than possession for personal use. "Possession of narcotics in quantities ordinarily not associated with personal use is a factor on which a jury reasonably may rely to infer intent to sell." *State* v. *Conley*, 31 Conn. App. 548, 560, 627 A.2d 436, cert. denied, 227 Conn. 907, 632 A.2d 696 (1993); see also *State* v. *Gilbert*, 52 Conn. App. 531, 544, 727 A.2d 747, cert. denied, 249 Conn. 905, 733 A.2d 224 (1999).

Given the circumstances disclosed by the evidence, it was reasonable for the jury to have concluded that the defendant possessed the drugs with the necessary intent to sell.

## II

The defendant claims that the trial court improperly admitted evidence presented in the form of expert testimony regarding street level drug dealing. The defendant did not object to this testimony at trial and seeks to raise this evidentiary claim for the first time on appeal. The defendant does not seek review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), nor does he ask for plain error review. See Practice Book § 60-5. We decline to review his claim. *State* v. *Tillman*, 220 Conn. 487, 504, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992); *State* v. *Nosik*, 44 Conn. App. 294, 302–303, 689 A.2d 489 (1997), aff'd, 245 Conn. 196, 715 A.2d 673 (1998).

The judgment is affirmed.

In this opinion the other judges concurred.