# STATE OF CONNECTICUT *v.* ORIEN THOMAS
## (AC 18512)

Foti, Lavery and Daly, Js.

Argued December 3, 1999—officially released February 8, 2000

*Eugene P. Falco*, special public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Thomas O'Brien*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Orien Thomas, appeals from the judgment of conviction, rendered after a jury trial, of criminal possession of a pistol in violation of General Statutes § 53a-217c (a) (1)[1] and reckless endangerment in the second degree in violation of General Statutes § 53a-64.[2] The defendant was found not guilty on a third count charging him with unlawful discharge of a firearm in violation of General Statutes § 53-203. On appeal, the defendant claims that the trial court improperly denied his motion for judgment of acquittal because (1) the evidence was insufficient to sustain the conviction on both charges and (2) the conviction of reckless endangerment in the second degree must be set aside as legally and factually inconsistent with the verdict of not guilty of the charge of unlawful discharge of a firearm. The defendant also claims that the court improperly instructed the jury on consciousness of guilt being inferred from flight. We reverse the judgment of the trial court in part.

The jury reasonably could have found the following facts. On Sunday, April 27, 1997, at approximately 12:30

___

[1] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when he possesses a pistol or revolver, as defined in section 29-27, and (1) has been convicted of a felony . . . ."

[2] The defendant was convicted on this charge as a lesser included offense of reckless endangerment in the first degree. General Statutes § 53a-63. General Statutes § 53a-64 (a) provides: "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a risk of physical injury to another person."

p.m., the police received an anonymous report of gunshots in the area of Edgewood Avenue and Kensington Street in New Haven. The police responded within minutes. The area is predominantly residential, with a park and playground nearby.

On the basis of the information they received, the police were looking for a black male with a bandage on his head who was wearing an orange jacket, black trousers and a baseball cap. Officer Joseph Redente, having received information that someone fitting that description was at the corner of Chapel and Kensington Streets, proceeded to that location and observed the defendant alone on the corner. The defendant matched the description of the person who had been reported as having fired the shots. The defendant was looking up Kensington Street at other officers who responded to the call. As the police proceeded toward the defendant, Redente, who had not been observed, saw the defendant run quickly out of the oncoming officers' view and into an alleyway at 1349 Chapel Street, which runs between Chapel and Kensington Streets. It took Redente five or six seconds to reach the entrance to the alleyway; by that time, the defendant was not there. Redente advised other officers of what was happening and blocked off the Chapel Street end of the alleyway. At the other end, Officer Edwin Vincent, who was approaching, observed the defendant run out of the alley onto Kensington Street. Vincent immediately attempted to secure the defendant, who began struggling. With the aid of a fellow officer, Vincent secured the defendant and, along with Redente, who had just arrived, searched him for weapons. No weapon was found. The defendant did have on his person two nine millimeter Winchester Luger cartridges.

A search of the alleyway was conducted immediately after the defendant's arrest, and a pistol was found secreted under a bag of garbage. The pistol found was

a nine millimeter Smith and Wesson semiautomatic Luger, containing nine Winchester Luger cartridges identical to those found on the defendant. Thereafter, the police located two "freshly fallen" spent shells. Both were nine millimeter Winchester Luger casings, which had been fired from the pistol recovered in the alleyway. Except for the defendant, no one had entered or exited the alleyway from the time Redente followed him there until after the area was searched. The time between the apprehension of the defendant and the police radio dispatch was approximately two to three minutes. The two shots had been fired into the ground. There were no witnesses at trial as to the shooting.

## I

The defendant first claims that the evidence was insufficient to sustain his conviction. "In reviewing a sufficiency of evidence claim on appeal the question presented is whether, viewing the evidence favorably to sustaining the verdict, the trier could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Haddad*, 189 Conn. 383, 387, 456 A.2d 316 (1983)." *State* v. *Zayas*, 195 Conn. 611, 620, 490 A.2d 68 (1985). The probative force of the evidence is not diminished where the evidence, in whole or in part, is circumstantial rather than direct. *State* v. *Clark*, 56 Conn. App. 108, 111, 741 A.2d 331 (1999).

## A

The defendant claims that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the pistol. He argues that the state's case was based on circumstantial evidence that "never achieved the level of consistency and trustworthiness necessary to prove guilt beyond a reasonable doubt."

Without resorting to a recitation of the facts and circumstances as presented to the jury as evidence, we conclude that when that evidence is construed in the light most favorable to sustaining the verdict, the jury could have reasonably concluded, on the basis of the cumulative effect of the facts established and the inferences drawn from those facts, that the defendant was guilty beyond a reasonable doubt of criminal possession of a pistol. The state presented a strong circumstantial case. While it is true that the state presented no witness who saw the defendant in possession of the pistol, such lack of direct evidence is not fatal to the state's burden of proof. The probative force of circumstantial evidence may be as strong as direct evidence. See *State* v. *Baldwin*, 224 Conn. 347, 368, 618 A.2d 513 (1993); *State* v. *Allen*, 216 Conn. 367, 380–81, 579 A.2d 1066 (1990). As to the defendant's claim that the evidence was inconsistent or untrustworthy, it is the function of the jury to pass on the credibility of the witnesses; *State* v. *Robinson*, 213 Conn. 243, 256, 567 A.2d 1173 (1989); and to draw whatever inferences from the evidence or facts established by the evidence that it deems reasonable and logical. *State* v. *Stanley*, 223 Conn. 674, 681, 613 A.2d 788 (1992).

The evidence was sufficient to sustain the defendant's conviction for criminal possession of a pistol.[3]

B

The defendant claims that the state failed to present sufficient evidence to prove him guilty beyond a reasonable doubt of reckless endangerment in the second degree.[4] We agree.

[3] For purposes of the charge of criminal possession of a pistol, the parties stipulated at trial that the defendant had previously been convicted of a felony.

[4] The defendant was sentenced to five years imprisonment for criminal possession of a pistol, and a consecutive six month term for reckless endangerment in the second degree.

To prove the defendant guilty under § 53a-64, the state had to prove beyond a reasonable doubt that he recklessly engaged in conduct that created a risk of physical injury to another person. While the state's evidence may have been sufficient to establish that the defendant's action in firing his pistol into the ground was reckless conduct, there was no evidence that it created a risk of physical injury to someone other than the defendant. The jury was left to speculate as to whether anyone was in the area who was endangered.

The state argues that there "may have been numerous adults and children congregating in the immediate vicinity," but it presented no evidence that even a single person, other than the defendant, was there. In support of its argument, the state asserts that when the police arrived, local residents pointed out one of two spent shell casings and gave police a description of the shooter. Because of this, according to the state, the jury had sufficient evidence from which to conclude that those individuals might have been exposed to a risk of physical injury resulting from the gunfire. The fact that people were there when the police arrived is of no consequence, nor is the fact that someone called in a report of shots being fired. It is just as plausible that those people had been in their homes when the shooting took place, and came out only after hearing the shots and then observed the defendant.

While it is likely that there were people in the immediate area because the day was sunny, the weather mild, and the time of day just after noon, the burden of proving an element of the crime charged rests firmly on the state. The state's burden of proving beyond a reasonable doubt that another person was put at risk of physical injury because of the defendant's conduct was not met.[5]

---

[5] Because we conclude that the evidence was insufficient to establish guilt beyond a reasonable doubt as to the charge of reckless endangerment in the second degree, we find it unnecessary to address the defendant's claim that his conviction on that charge was factually and legally inconsistent with his acquittal of the charge of unlawful discharge of a firearm.

## II

The defendant next claims that the court's jury instruction concerning consciousness of guilt was not supported by the evidence and allowed the jury to infer flight from an inadequate basis. We disagree.

The court instructed as follows: "In any criminal trial, it is permissible for the state to attempt to show that conduct of the defendant after the alleged offense was influenced by the criminal act. That is, that the conduct shows a consciousness of guilt. The conduct of a person attempting to leave the scene of an alleged crime may be considered in determining guilt since, if unexplained, it may show a consciousness of guilt. The attempted flight of the person accused of the crime is a circumstance which, when considered together with all of the facts, may justify an inference of the accused's guilt. Attempted flight, however, even if shown, is not conclusive. It is circumstantial evidence and you may or may not infer consciousness of guilt from it. It is to be given the weight to which you think it is entitled under all of the circumstances shown. Keep in mind that there can be other reasons for a defendant's alleged attempted flight. That attempted flight does not necessarily reflect feelings of guilt and [those] feelings of guilt which are sometimes present in innocent people do not necessarily reflect actual guilt. So, attempted flight is not sufficient in and of itself to establish guilt. It is up to you, as judges of the facts, to decide whether or not, based upon the totality of the circumstances, conduct of the defendant reflects consciousness of guilt, assuming, of course, that you first find that the defendant attempted to flee."

The evidence presented established that the defendant left the scene after firing the pistol, ran when he saw police approaching him and ran from the alley after hiding the gun.

Our Supreme Court has stated: "Flight, when unexplained, tends to prove a consciousness of guilt. . . . Flight is a form of circumstantial evidence. Generally speaking, all that is required is that the evidence have relevance, and the fact that ambiguities or explanations may exist which tend to rebut an inference of guilt does not render evidence of flight inadmissible but simply constitutes a factor for the jury's consideration. . . . The probative value of evidence of flight depends upon all the facts and circumstances and is a question of fact for the jury." (Citations omitted; internal quotation marks omitted.) *State* v. *Holloway*, 209 Conn. 636, 651–52, 553 A.2d 166, cert. denied, 490 U.S. 1071, 109 S. Ct. 2078, 104 L. Ed. 2d 643 (1989). " 'The fact that the evidence might support an innocent explanation as well as an inference of a consciousness of guilt does not make an instruction on flight erroneous.' *State* v. *Wright*, 198 Conn. 273, 281, 502 A.2d 911 (1986)." *State* v. *Freeney*, 228 Conn. 582, 594, 637 A.2d 1088 (1994).

"It is relevant to show the conduct of an accused, as well as any statement made by him subsequent to an alleged criminal act, which may be inferred to have been influenced by the criminal act. *State* v. *Reid*, 193 Conn. 646, 655, 480 A.2d 463 (1984). . . . The court must weigh the probative value against any prejudicial effect on the defendant." (Citations omitted.) *State* v. *Burak*, 201 Conn. 517, 533, 518 A.2d 639 (1986). "Because of the difficulties inherent in [the probative-prejudicial] balancing process, the trial court's decision will be reversed only where abuse of discretion is manifest or where an injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Perry*, 48 Conn. App. 193, 201, 709 A.2d 564, cert. denied, 244 Conn. 931, 711 A.2d 729 (1998).

On the basis of our review of the transcripts and evidence, we cannot say that the court abused its discretion in determining that the evidence of flight or

attempted flight was more probative than prejudicial, nor can we conclude that an injustice appears to have been done. The evidence was sufficient to support the consciousness of guilt instruction. The court properly instructed the jury on the factors to consider in determining whether to infer consciousness of guilt from the evidence and properly instructed the jury that it was to determine the weight to be accorded to such evidence in making its determination. We conclude that the court's charge on consciousness of guilt was not improper.

The judgment is reversed only as to the conviction of reckless endangerment in the second degree and the case is remanded with direction to render judgment of not guilty of that charge. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.