### STATE OF CONNECTICUT *v.* SANTOS PARIS
### (AC 18471)

Schaller, Spear and O'Connell, Js.

Argued January 23—officially released May 8, 2001

*Auden Grogins*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Santos Paris, appeals from the judgment of conviction, rendered after a jury trial, of possession of marijuana in violation of General Statutes § 21a-279 (c),[1] possession of marijuana with intent to

---

[1] General Statutes § 21a-279 (c) provides: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

sell in violation of General Statutes § 21a-277 (b)[2] and risk of injury to a child in violation of General Statutes § 53-21.[3] The defendant claims that the court improperly (1) denied his motion for a judgment of acquittal on the charge of possession of marijuana with intent to sell because the evidence was insufficient to support his conviction, (2) denied him a fair trial by allowing irrelevant and prejudicial testimony to be entered into evidence, and (3) denied him a fair trial by preventing him from presenting a third party culpability defense. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On October 20, 1995, Bristol police detectives visited 111 Union Street, apartment A5, during their investigation of a shooting. A tenant of the apartment, Danielle Lauretano, allowed them to enter. Lauretano had her newborn baby with her. While in the apartment, the detectives saw Eric Dabkowski, a known member of the Latin Kings street gang, leave one of the bedrooms. After noticing the detectives, Dabkowski briefly returned to the bedroom and then quickly left the apartment. Shortly thereafter, the detectives observed crack cocaine and a razor blade on the table in the living

[2] General Statutes § 21a-277 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

[3] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony."

room, and Lauretano consented to a complete search of the apartment.

The detectives proceeded to search the bedroom that Dabkowski had left and discovered the defendant sleeping on the only bed in the room. The detectives recognized the defendant and arrested him because they knew of several outstanding warrants for his arrest on other charges. On the bed, underneath the defendant's body, the detectives discovered a bag containing marijuana. After completing a more thorough search of the room, the detectives found a rifle and a scale inside a children's toy tent, a .38 caliber revolver in a wooden dresser and a semiautomatic pistol located in a cardboard drawer. The detectives also discovered sixty-four grams of cocaine in a dresser drawer.

While the detectives were in the process of arresting the defendant, two people came to the door of the apartment to purchase drugs. One immediately fled upon seeing the police. The other, Alex Majewski, told the detectives that he had come to the apartment to buy some "weed" from "Cubby." Cubby is the defendant's nickname.

The jury convicted the defendant of possession of marijuana, possession of marijuana with intent to sell and risk of injury to a child.[4] This appeal followed.

I

The defendant first claims that the court improperly denied his motion for a judgment of acquittal because the evidence was insufficient to support his conviction of possession of marijuana with intent to sell. We disagree.

---

[4] The defendant was acquitted of possession of cocaine in violation of General Statutes § 21a-279 (a) and possession of cocaine with intent to sell in violation of General Statutes § 21a-278 (b).

Our standard of review for a sufficiency of the evidence claim is well established. "In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Citations omitted; internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 239, 745 A.2d 800 (2000). "In conducting this review, the probative force of the evidence is not diminished where the evidence, in whole or in part, is circumstantial rather than direct." *State* v. *Wager*, 32 Conn. App. 417, 430, 629 A.2d 1146, cert. denied, 228 Conn. 912, 635 A.2d 1231 (1993).

"[T]o prove possession of a narcotic substance, the state must establish beyond a reasonable doubt that the accused knew of the character of the drug and its presence and exercised dominion and control over it." (Internal quotation marks omitted.) *State* v. *Bradley*, 60 Conn. App. 534, 542, 760 A.2d 520, cert. denied, 255 Conn. 921, 763 A.2d 1042 (2000). Furthermore, proof of intent to sell narcotics "may be established through circumstantial evidence, from which the jury is free to draw reasonable and logical inferences." *State* v. *Clark*, 56 Conn. App. 108, 112, 741 A.2d 331 (1999).

Here, the jury reasonably could have concluded that the cumulative force of the evidence presented by the state proved, beyond a reasonable doubt, that the defendant was guilty of the charge of possession of marijuana

with intent to sell. The defendant was in direct physical contact with the marijuana when observed and arrested by the detectives. Furthermore, there was testimony that, while the defendant was being arrested, a third party came to the apartment to buy marijuana from him. "[A]s [our Supreme Court has] often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the trier, would have resulted in an acquittal." (Internal quotation marks omitted.) *State* v. *DeCaro*, supra, 252 Conn. 240. "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) Id.; *State* v. *Sivri*, 231 Conn. 115, 134, 646 A.2d 169 (1994). We therefore conclude that a reasonable jury could have determined, from the evidence presented and the inferences reasonably drawn therefrom, that the defendant was guilty beyond a reasonable doubt of possession of marijuana with intent to sell. Accordingly, the court properly denied the defendant's posttrial motion for a judgment of acquittal.

## II

The defendant next claims that the court improperly allowed evidence concerning (1) domestic violence between the defendant and Lauretano, (2) the defendant's membership in the Latin Kings street gang and (3) the seizure of guns and ammunition from the bedroom in which the defendant was arrested. The defendant argues that he was denied a fair trial by the introduction of such evidence because any probative value of the evidence was outweighed by its prejudicial effect on the jury. We disagree.

Our standard of review concerning evidentiary rulings is well settled. "It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law. . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter. . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Banks*, 59 Conn. App. 112, 127–28, 755 A.2d 951, cert. denied, 254 Conn. 950, 762 A.2d 904 (2000).

A

The defendant first claims that the court improperly allowed the state to cross-examine Lauretano concerning statements she gave to police officers while they were investigating incidents of domestic violence between herself and the defendant. Prior to the state's offering the first of a series of statements as full exhibits, defense counsel requested that the court discuss the statements outside the presence of the jury. After dismissing the jury, the court reviewed the statements and instructed defense counsel to object when the state offered the statements into evidence.[5] Thereafter, the

---

[5] The colloquy, outside the presence of the jury, between the court and defense counsel was, in relevant part, as follows:

"[Defense Counsel]: You said no objection. I do have an objection.

"The Court: No, no objection to him doing what he's going to do, present them.

"[Defense Counsel]: That's correct. That's correct.

"The Court: So, as they are introduced, if you have [an] objection, you may make the objection. It will be ruled upon at that time."

state offered the statements into evidence without objection from defense counsel. Because the defendant failed to object, his claims regarding Lauretano's testimony are unpreserved. See *State* v. *Spearman*, 58 Conn. App. 467, 479, 754 A.2d 802 (2000). "We are not bound to hear a claim unless it was raised in the trial court. Practice Book § 60-5." *State* v. *Middlebrook*, 51 Conn. App. 711, 721, 725 A.2d 351, cert. denied, 248 Conn. 910, 731 A.2d 310 (1999). Accordingly, because the defendant's claim is unpreserved, we decline to review it.

The defendant also claims that the court improperly allowed the state to cross-examine him as to his prior arrests for domestic violence. At trial, defense counsel objected and requested that the defendant be allowed the opportunity to consult his attorney concerning the pending charges relating to his prior arrests for domestic violence.[6] The defendant now argues that the testimony's probative value was outweighed by its prejudicial effect on the jury. "Our review of evidentiary rulings made by the trial court is limited to the specific legal ground raised in the objection [to the trial court]. . . . This court reviews rulings solely on the ground on which the party's objection is based." (Internal quotation marks omitted.) *State* v. *Legrande*, 60 Conn. App. 408, 414, 759 A.2d 1027 (2000), cert. denied, 255 Conn. 925, 767 A.2d 99 (2001); see also *State* v. *Lewis*, 245 Conn. 779, 791, 717 A.2d 1140 (1998). Therefore, because the defendant's claim on appeal—that the challenged testimony is overly prejudicial—was not raised in his objection at trial, his claim is unpreserved and we decline to review it.

B

The defendant next claims that the court improperly allowed testimony, over defense counsel's objection,

---

[6] In response to defense counsel's objection, the court stated that the line of questioning was proper because counsel had raised the issue of the prior arrests during direct examination. The court added that the defendant could

that established his membership in the Latin Kings street gang. He asserts that such testimony was irrelevant and that its probative value was outweighed by its prejudicial effect on the jury. We are unpersuaded.

During the state's direct examination, a detective testified that in 1995, members of the Latin Kings street gang were known to sell narcotics in the area and were known to use the apartment in which the defendant was arrested to launch the street level sale of crack cocaine. That detective also testified that those who frequented the house were known gang members and, specifically, that Dabkowski was a known member of the gang. Defense counsel did not object to any portion of that testimony. Defense counsel objected only after the state inquired into the defendant's membership in the gang, arguing that the alleged membership was irrelevant.

The challenged "[e]vidence is relevant if it has a tendency to establish the existence of a material fact." (Internal quotation marks omitted.) *State* v. *Taylor*, 37 Conn. App. 464, 474, 657 A.2d 659, cert. denied, 234 Conn. 907, 660 A.2d 859 (1995). "Relevant evidence is evidence that has a logical tendency to aid the trier [of fact] in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Internal quotation marks omitted.) *State* v. *Reid*, 254 Conn. 540, 550, 757 A.2d 482 (2000); *State* v. *Billie*, 250 Conn. 172, 181, 738 A.2d 586 (1999). "No

not then ask for the advice of his counsel regarding his prior arrests after openly testifying about the issue on direct examination.

precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Taylor*, supra, 475.

Here, the jury heard testimony that members of the gang sold cocaine in the area, used the apartment to launch neighborhood cocaine sales and that other known gang members were present in the apartment with the defendant at the time of his arrest.[7] Under these circumstances, evidence establishing the defendant's membership in the gang was relevant because it tended to support the assertion that the defendant had engaged in the sale of cocaine.

Despite our conclusion that the challenged testimony was relevant, we must next consider whether the court should have excluded it as being unduly prejudicial. "Although relevant, evidence may be excluded by the trial court if the court determines that the prejudicial effect of the evidence outweighs its probative value. . . . Of course, [a]ll adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . . The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury." (Internal quotation marks omitted.) *State* v. *Wargo*, 255 Conn. 113, 141, 763 A.2d 1 (2000); *State* v. *Copas*, 252 Conn. 318, 329–30, 746 A.2d 761 (2000).

---

[7] We note that "when opposing counsel does not object to evidence, it is inappropriate for the trial court to assume the role of advocate and decide that the evidence should be stricken." *State* v. *Wragg*, 61 Conn. App. 394, 399, 764 A.2d 216 (2001). Accordingly, it is not the role of this court to determine, sua sponte, whether testimony, unobjected to at trial, properly was admitted.

The probative value of the testimony concerning the defendant's membership outweighed any prejudicial effect. The jury already had heard, without objection, testimony as to the gang, its use of the apartment to sell cocaine and the presence of other known gang members in the apartment at the time of the defendant's arrest. Any prejudice created by the further testimony concerning the defendant's membership in the gang was certainly outweighed by its probative value. Furthermore, the fact that the jury acquitted the defendant on both cocaine charges suggests that the jury did not rely on the testimony concerning his membership in the gang or his involvement with cocaine sales.

Because we have determined that the challenged testimony was relevant and its probative value was not outweighed by its prejudicial effect on the jury, we conclude that the court did not abuse its discretion by admitting it into evidence. Accordingly, the defendant was not deprived of a fair trial.

C

The defendant also claims that the court improperly allowed the introduction of evidence concerning the seizure of guns and ammunition from the bedroom in which he was arrested. The defendant does not assert that an objection was timely raised at trial, but instead argues that his claim properly is preserved because it was raised, for the first time, in his motion for a new trial after the jury found him guilty. The defendant cites no authority in support of this proposition, and we find it to be completely without merit.

As we have often stated, this court will refrain from reviewing claims on evidentiary rulings in situations in which counsel has failed to make an objection. See *State* v. *Abrahante*, 56 Conn. App. 65, 71 n.1, 741 A.2d 976 (1999); *State* v. *Middlebrook*, supra, 51 Conn. App. 721. We are not persuaded that evidentiary claims, not

made at trial, can be preserved for appeal by raising them in a motion for a new trial after a guilty verdict. The problems inherent in allowing counsel to wait until after an adverse verdict to raise such objections to evidence are too obvious to warrant discussion. Accordingly, we conclude that the defendant's claim is unpreserved and we decline to review it.

### III

The defendant finally claims that the court improperly precluded third party culpability evidence, thereby depriving him of a fair trial. Specifically, the defendant argues that the court improperly excluded Dabkowski's admission that the drugs seized at the apartment were his property and not that of the defendant. The court refused to admit the evidence after the defendant's offer of proof regarding the admission by Dabkowski. We conclude that the proffered admission is irrelevant as to third party culpability and, therefore, properly was rejected.

"Both this state and other jurisdictions have recognized that a defendant may introduce evidence which indicates that a third party, and not the defendant, committed the crime with which the defendant is charged. . . . The defendant, however, must show some evidence which directly connects a third party to the crime with which the defendant is charged. . . . It is not enough to show that another had the motive to commit the crime . . . nor is it enough to raise a bare suspicion that some other person may have committed the crime of which the defendant is accused. . . . The admissibility of evidence of third party culpability is governed by the rules relating to relevancy. . . . No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience. . . . The trial court has wide discretion in its rulings on

evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Ortiz*, 252 Conn. 533, 564, 747 A.2d 487 (2000).

The defendant proffered evidence that he claims would establish that Dabkowski "owned"[8] the contraband that was seized at the apartment in which the defendant was arrested. Although that would directly connect Dabkowski to the contraband, it does not indicate that Dabkowski, instead of the defendant, had committed the charged offenses of possession of marijuana and possession of marijuana with intent to sell. The "ownership" of an illegal substance by another is irrelevant to the issue of whether the defendant unlawfully possessed such items.[9] Possession of an illegal substance requires the accused to have had knowledge of the character of the drug and its presence, and to have exercised dominion and control over it. *State* v. *Bradley*, supra, 60 Conn. App. 542. Accordingly, even if Dabkowski had the sole "ownership" interest in the contraband, the defendant still could be culpable as to possession. Therefore, because the evidence did not dictate that Dabkowski, instead of the defendant, had committed the crimes charged, the evidence did not present a viable third party culpability defense. See *State* v. *Ortiz*, supra, 252 Conn. 564–65 (court did not abuse discretion in excluding third party culpability evidence because such evidence did not indicate third party, "instead of" defendant, had committed crime).

---

[8] We use the term "owned" because the defendant uses it. We doubt that anyone can have a property interest in contraband. See *State* v. *Lewis*, supra, 245 Conn. 787–88; *State* v. *Morant*, 242 Conn. 666, 671, 701 A.2d 1 (1997).

[9] For example, a drug dealer may "own" the drugs that he supplies to his street sellers. Such "ownership" would not preclude conviction of such a street seller for possession or sale of the drugs.

Furthermore, the defendant was not otherwise precluded from asserting and showing that someone else had committed the crimes with which he was charged. The court's preclusion of Dabkowski's testimony did not prevent the defendant from pursuing a third party culpability defense with other admissible evidence. See *State* v. *Boles*, 223 Conn. 535, 543–45, 613 A.2d 770 (1992) (exclusion of proffered evidence does not preclude defendant from presenting theory of defense through other evidence). Accordingly, we conclude that the court did not abuse its discretion by excluding the proffered evidence, nor in doing so did the court deprive the defendant of a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.