## STATE OF CONNECTICUT *v.* ISAAC EAGLES
## (AC 21376)

Flynn, West and Hennessy, Js.

Argued October 18—officially released December 31, 2002

*Damon A. R. Kirschbaum,* for the appellant (defendant).

*Robin S. Schwartz,* deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Cornelius P. Kelly,* assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Isaac Eagles, appeals from the judgment of conviction, rendered after a jury trial, of one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), one count of attempt to commit murder in violation General Statutes §§ 53a-49 (a) (2) and 53a-54a (a), and one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (5).[1] On appeal, the defendant claims that the trial court improperly prohibited him from presenting evidence of third party culpability. We dismiss the defendant's appeal from the judgment of conviction of robbery in the first degree and affirm the judgment of conviction of attempt to commit murder and assault in the first degree.

At the outset, we note that the defendant was convicted of robbery in the first degree under a separate information in docket number CR99-0148153. That information was consolidated for trial with docket number CR99-0148154, which charged the defendant with attempt to commit murder and assault in the first degree. On November 2, 2000, the defendant appealed from the judgments of conviction on all charges.

The defendant has not briefed any issues relating to the robbery conviction, as our rules require. Practice Book § 67-4 provides in detail the requirements for the

---

[1] The defendant was found guilty of criminal use of a firearm in violation of General Statutes § 53a-216 (a). The trial court dismissed that count after the defendant was found guilty.

brief of an appellant, including a statement of issues, a statement of facts and argument for each appeal. The defendant's brief addresses only his conviction of attempt to commit murder and assault in the first degree. In reciting the facts of the case in his brief, the defendant states that the "facts of case CR99-148153 are not relevant to the issue in this appeal." Furthermore, in the argument section of his brief, the defendant indicates that his "claim relates to the case wherein the defendant was charged with, and convicted of, attempt to commit murder and assault in the first degree for shooting [the victim] in the face." The defendant has failed to provide any issue, facts or argument supporting his appeal from his robbery conviction. Accordingly, we dismiss the defendant's appeal from his robbery conviction.

We next address the judgment of conviction of attempt to commit murder and assault in the first degree, which *were* briefed. The jury could have reasonably found the following facts. On March 13, 1999, the victim, Owen Wright, was entering his apartment building at 1157 Stratford Avenue in Bridgeport. The building is on the corner of Stratford Avenue and Sixth Street. There is a side entrance on Sixth Street that leads to the second and third floor apartments. There is also a front entrance on Stratford Avenue. The defendant approached the victim as he was entering the Sixth Street side entrance and attempted to sell him a telephone. The victim declined the defendant's offer.

At that time, the victim was inside the doorway and the defendant was at the entrance. The defendant then fired one shot into the victim's face. The bullet entered the right side of his face and lodged itself in his left cheekbone. There was no exit wound. During the subsequent police investigation, a single shell casing was found inside the side entrance doorway of 1157 Strat-

ford Avenue together with pieces of teeth and surrounding gum.

After being shot, the victim ran up the stairs to his apartment on the second floor. He then proceeded back down the stairs, exiting the building from the front entrance on Stratford Avenue. The victim walked to the side of the building where he had been shot, noticed the defendant and yelled at him. On direct examination, the victim testified that he yelled, "Hey, you just robbed me," but on cross-examination, he testified that he shouted, "Yo, he just shot me." The defendant ran away and the victim waited on the curb until the police arrived. A blood trail was left by the victim from his travels through the building after he was shot. He was taken to Bridgeport Hospital where he was treated for his injuries.

The defendant's sole claim on appeal is that the court improperly refused to allow him to present evidence of third party culpability in violation of his right to present a defense under the fifth, sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut.

Although the defendant frames the appellate issue as one of a constitutional violation, our ultimate conclusion turns on evidentiary grounds. Our Supreme Court has stated that the defendant's constitutional right to present a defense "does not require the trial court to forgo completely restraints on the admissibility of evidence. . . . Generally, an accused must comply with established rules of procedure and evidence in exercising his right to present a defense. . . . A defendant, therefore, may introduce only relevant evidence, and, if the proffered evidence is not relevant, its exclusion is proper and the defendant's right is not violated." (Citations omitted.) *State* v. *Cerreta*, 260 Conn. 251, 261, 796 A.2d 1176 (2002).

The defendant proposed to call two witnesses, Lakesha Tyson and Shawn Thompson, to establish a defense that a third party shot the victim while more than one person attempted to rob him. In an offer of proof, both Tyson and Thompson testified about their observations of the events of March 13, 1999.

We first note the neither Tyson nor Thompson saw any robbery or shooting of the victim. Tyson testified that she heard two or three gunshots as she walked up Newfield Avenue toward Stratford Avenue that afternoon and shortly thereafter saw the victim outside the building. However, she was unable to tell where the gunshots originated from. After she heard the gunshots, Tyson observed three men running, but was unsure whether they ran from the door leading to the apartments or from the liquor store next door. These men ran past her and none of the men were carrying guns. Tyson was uncertain how long after the gunshots were fired that she saw the men running.[2] She also did not know the reason the men ran from 1157 Stratford Avenue. Tyson further testified that after the men ran by her, she observed that the victim was outside on the curb and made a statement about being robbed. Tyson was unable to state whether the victim had said "they" or "he" robbed him.

Thompson testified in his offer of proof that he witnessed three men run from the side entrance of 1157 Stratford Avenue and down Newfield Avenue. He, however, did not hear any gunshots fired. The court barred both Thompson and Tyson from testifying because their proposed testimony failed to provide a direct connection between the three men and the victim's shooting, thus making their testimony irrelevant. On appeal, the

---

[2] Tyson at one point testified that she saw the men running one minute to one and one-half minutes after the gunshots were fired. Later, she testified that she saw the men running immediately after she heard the gunshots.

defendant argues that the court abused its discretion in prohibiting Tyson and Thompson from testifying.

We note at the outset that a defendant has "the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so that it may decide where the truth lies." (Internal quotation marks omitted.) Id., 261. In exercising his constitutional right to present a defense, "a defendant may introduce evidence which indicates that a third party, and not the defendant, committed the crime with which the defendant is charged. . . . The defendant, however, must show some evidence which directly connects a third party to the crime with which the defendant is charged. . . . It is not enough to show that another had the motive to commit the crime . . . nor is it enough to raise a bare suspicion that some other person may have committed the crime of which the defendant is accused." (Internal quotation marks omitted.) *State* v. *Ferguson*, 260 Conn. 339, 354, 796 A.2d 1118 (2002). "Unless that direct connection exists it is within the sound discretion of the trial court to refuse to admit such evidence when it simply affords a possible ground of possible suspicion against another person." (Internal quotation marks omitted.) *State* v. *Baker*, 50 Conn. App. 268, 279, 718 A.2d 450, cert. denied, 247 Conn. 937, 722 A.2d 1216 (1998).

"The admissibility of evidence of third party culpability is governed by the rules relating to relevancy. . . . No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience. . . . The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Rivera*, 70 Conn.

App. 203, 211, 797 A.2d 586, cert. denied, 261 Conn. 910, 806 A.2d 50 (2002).

We conclude that the court properly determined that the proffered testimony of Tyson and Thompson did not provide a direct connection between a third party and the attempted murder and assault of the victim. Tyson's testimony would have shown only that three men were seen running from the vicinity of the crime after gunshots were fired, none of whom was the defendant. The victim had but one bullet wound from a round that is still lodged in his body. Tyson's inability to recollect the origin of the gunshots, the entrance of 1157 Stratford Avenue that the men ran from, and the time lapse between the shots and the men's flight, coupled with the fact that the three men were not carrying guns, leaves the necessary direct connection between the men and the victim's shooting extremely speculative.

Furthermore, Thompson's testimony would have shown only that three men were seen running from the side entrance of 1157 Stratford Avenue in the absence of any gunshots. The fact that three men ran from the vicinity of the gunfire does not provide the necessary direct connection between those men and the victim's shooting. Rather, the testimony of Tyson and Thompson merely provides a bare suspicion that one or all of the men committed the attempted murder and assault of the victim on March 13, 1999. In contrast to the proffered testimony, substantial evidence was adduced at trial identifying the defendant, and not the other men seen in the neighborhood, as the victim's assailant. From a pretrial photographic array and in court at trial, the victim identified one person, the defendant, as the individual who shot him.

The proffered evidence by the defendant amounts to "tenuous evidence of third party culpability in an attempt to divert from himself the evidence of guilt."

*State* v. *Cerreta,* supra, 260 Conn. 262. It does not indicate that one or all of the three men, instead of the defendant, had committed the charged offenses. See *State* v. *Ortiz,* 252 Conn. 533, 564–65, 747 A.2d 487 (2000); *State* v. *Paris,* 63 Conn. App. 284, 296, 775 A.2d 994 (no abuse of discretion in excluding third party culpability evidence because such evidence did not indicate third party, "instead of" defendant, had committed crime), cert. denied, 257 Conn. 909, 782 A.2d 135 (2001).

Evidence that a third party who is alleged to be responsible looked like the defendant is highly relevant. See *State* v. *Echols,* 203 Conn. 385, 394, 524 A.2d 1143 (1987). However, there was no evidence that any of the three men seen running resembled the defendant. Although evidence of motive may be relevant to third party culpability if other connecting evidence exists, here there was no evidence of motive on the part of any of the three men to commit the crime. See *State* v. *Hill,* 196 Conn. 667, 674, 495 A.2d 699 (1985). The proponent of third party culpability evidence must demonstrate that the evidence is corroborative rather than merely coincidental for it to be admissible. *State* v. *Baker,* supra, 50 Conn. App. 278. Tyson gave testimony that it was a common occurrence for people to run when gunshots are fired. Because the defendant has failed to provide a direct connection between the three men and the commission of the charged crimes, we conclude that the trial court did not abuse its discretion in excluding the proffered evidence.

The appeal from the judgment of conviction of robbery in the first degree is dismissed. The judgment of conviction of attempt to commit murder and assault in the first degree is affirmed.

In this opinion the other judges concurred.